WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Riverport Insurance Company, | No. CV-15-00704-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Horizon Human Services Incorporated, | |
| Defendant. | |

Before the Court are Plaintiff/Counter-Defendant Riverport Insurance Company's motion to dismiss or strike counterclaims and affirmative defenses, (Doc. 18), and Defendant/Counterclaimant Horizon Human Services, Inc.'s motion to stay or, in the alternative, motion to dismiss, (Doc. 22).[1] The motions are fully briefed. For the reasons stated below, Riverport's motion is denied and Horizon's motion is granted.[2]

## **BACKGROUND**

This is an insurance coverage declaratory action brought by Riverport Insurance Company against its insured, Horizon Human Services, Inc. Horizon provides "behavioral health services to adults and children in Pinal County and Gila County, Arizona," which include "'Seriously Mentally Ill' determinations, crisis management,

---

[1] Horizon also filed a motion to expedite, (Doc. 46), which is denied as moot.

[2] Horizon's request for oral argument is denied. The issues are fully briefed, and the Court finds that oral argument will not aid in the resolution of this matter. *See* LR Civ. 7.2(f); Fed. R. Civ. P. 78(b).

1 behavioral health residential housing, group home housing, and in-home behavioral 2 patient case management." (Doc. 1, ¶ 11.) Horizon provided mental health treatment to 3 Joseph Cecil Cain, a diagnosed schizophrenic with paranoid and aggressive tendencies. 4 (*Id.*, ¶ 12.) Cain was designated by the State of Arizona as "Seriously Mentally Ill," and 5 in 2009, he was committed after a "guilty but insane" conviction for "stabbing his 6 roommate in the neck while at a residential facility." (*Id.*, ¶¶ 12-13.)

7 For several months, Horizon provided Cain "his medications and psychiatric 8 services, [and oversaw] his placement in a residential facility." (*Id.*, ¶ 14.) Cain bounced 9 around "multiple facilities and a group home, leaving each because of behavioral or 10 substance abuse issues," but eventually moved in with his 65-year old mother and 63- 11 year old aunt. (*Id.*) Horizon visited Cain several times at his mother's residence and 12 Cain visited Horizon's clinics for psychiatric services. (*Id.*, ¶ 15.)

13 On October 4, 2013, Cain told a Horizon case manager that he wanted to stop 14 taking his medication and discontinue his treatment. (*Id.*, ¶ 16.) That same day, Cain 15 "grabbed a hot frying pan, threw sizzling grease into his mother's face, then grabbed a 16 knife and stabbed her repeatedly." (*Id.*, ¶ 2.) He then stabbed his aunt. (*Id.*, ¶ 17.) 17 Cain's aunt survived, but his mother died from the attack. (*Id.*) On October 10, 2013, the 18 Regional Behavioral Health Authority opened an investigation into Horizon's treatment 19 of Cain. (*Id.*, ¶ 20.)

20 Although Horizon had insurance from another carrier, it applied for professional 21 liability insurance through Riverport on November 15, 2013. (*Id.*, ¶¶ 23-24.) Prior to 22 issuing the policy, Riverport required Horizon to disclose any acts, errors, omissions, or 23 violations that "might reasonably be expected to result in a claim or suit" because they 24 would not be covered. (*Id.*, ¶¶ 26, 37.) It obtained statements from six of Horizon's 25 directors and officers, but none of them mentioned the incident involving Cain. (*Id.*, ¶¶ 26 27-34.)

27 On October 3, 2014, Charlene Eiden, as statutory beneficiary of Cain's mother, 28 and Cain's aunt, Karen Thomas, filed suit against Horizon for negligence, medical

1. negligence, gross negligence, and punitive damages arising out of the attack (the "*Eiden* action"). (*Id.*, ¶ 42.) They allege Horizon failed to take appropriate steps to ensure that Cain received adequate care and treatment. (*Id.*, ¶ 46.) Riverport is currently "defending Horizon in the underlying action under a complete reservation of rights, including the right to seek reimbursement of the attorney's fees and costs expended to defend Horizon since there is no coverage." (*Id.*, ¶ 49.)

On April 17, 2015, Riverport brought the instant action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking a declaration that the attack is not covered under the policy's Prior Acts Endorsement and that it occurred prior to the inception of the commercial general liability portion of the policy. On June 19, 2015, Horizon filed counterclaims for breach of contract and a declaration that the attack is covered under the Prior Acts Endorsement. (Doc. 14 at 10-11.) Thereafter, Riverport filed a motion to strike Horizon's counterclaims and several of its affirmative defenses, (Doc. 18), and Horizon filed a motion to stay or dismiss the action pending the resolution of the underlying state case. (Doc. 22.) Because Horizon's motion to dismiss is dispositive, the Court will address it first.

## **MOTION TO DISMISS**

Horizon moves to dismiss this case pending the resolution of the *Eiden* action because the two actions involve overlapping factual issues. It argues Riverport should have filed this action in state court and that litigating the two cases in different courts could result in inconsistent rulings. Riverport argues the two cases involve different sets of facts and that forcing it to re-file in state court would be a waste of judicial resources.

**I.  Legal Standard**

The Federal Declaratory Judgment Act ("FDJA") provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration[.]" 28 U.S.C. § 2201(a). "The exercise of jurisdiction under the [FDJA] is committed to the sound discretion of the federal district

courts." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002). "[A] district court is authorized . . . to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). In determining whether to assert jurisdiction over the case, courts look to the factors set out in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 (1942): "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

**II. Analysis**

    **A. Presumption in Favor of Abstention**

Horizon argues there is a presumption that federal courts should abstain from exercising jurisdiction over insurance coverage declaratory actions. Riverport argues the presumption was overruled by *Dizol*, which stated, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." 133 F.3d at 1225. Riverport's reading of *Dizol* is inaccurate.[3]

The Ninth Circuit limited the reach of *Dizol* in *Huth*, explaining that "the *Dizol* court qualified its language by noting that 'when other [non-discretionary] claims are joined with an action for declaratory relief . . . , the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief . . . [in order] to avoid piecemeal litigation.'" 298 F.3d at 803 (quoting *Dizol*, 133 F.3d at 1225)). Instead, "the language merely affirms the well-accepted rule that the decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court." *Id. Dizol* went on the state that "[i]f there are parallel state proceedings involving the same

---

[3] Riverport also argues most of the case law cited by Horizon has been superseded by *Dizol*. (Doc. 33 at 2.) *Dizol* overruled many of those cases, but "only to the extent that those cases erroneously held or suggested that the district court must *sua sponte* state its reasons for taking jurisdiction of an FDJA action when its jurisdiction was not challenged by the parties." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aero Jet Servs., LLC*, No. CV-11-01212-PHX-DGC, 2011 WL 4708857, at *2 (D. Ariz. Oct. 7, 2011). This is not the issue here.

- 4 -

issues and parties pending at the time the federal declaratory action is filed, there is presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225. Riverport did not bring any nondiscretionary claims, both claims seek declaratory relief. Thus, the only issue is whether the two proceedings are parallel.

Riverport argues "there is no pending state court proceeding involving the same issues between the same parties." (Doc. 33 at 3.) It claims this case "cares only about what happened *after* the murder, including the investigation into Horizon, Horizon's tender of the matter to its prior carrier, and Horizon's representations made during the application process for the Riverport policy." (*Id.* at 4 (emphasis added).) Riverport argues the issues in the *Eiden* action depend solely on what happened *before* the attack, i.e., "the allegedly negligent treatment of [Cain] leading up to his murderous acts." (*Id.*) But proceedings are sufficiently parallel if they "arise from the same factual circumstances." *Gold Eagle Ins. Co. v. Travelers Co.*, 103 F.3d 750, 754 (9th Cir. 1996) (overruled on other grounds). The issues and facts do not have to be identical. *See Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798 (9th Cir. 1995) (finding parallel proceedings where the federal declaratory judgment "raise[d] factual questions *similar* to those before the state court" (emphasis added)). Here, both suits arise from the same set of facts: Cain's attack on his mother and aunt on October 4, 2013, and thus necessarily involve similar factual issues. As such, the proceedings are sufficiently parallel for the presumption to apply.

Thus, because Riverport did not bring any non-discretionary claims and because there is a pending state proceeding arising out of the same factual scenario, the Court begins its analysis with a presumption against exercising jurisdiction in this case.[4]

**B. Jurisdiction is not Appropriate**

In *Karussos*, the insurer brought an action in federal court seeking a declaration of no coverage after the insured was sued by a third party in state court. 65 F.3d at 798. The insurer argued that the insured was not covered because "prior to the effective date

---

[4] Even without the presumption, the *Brillhart* factors favor abstention.

- 5 -

of [the] policy, [the insured] became aware that the [third party] dispute would lead to a claim or suit against him." *Id.* at 800 (internal quotation marks omitted). This issue, the court found, overlapped with issues in the underlying state case, namely the "nature of [the plaintiff's] relationship with the [third parties], as well as the point at which the relationship turned adversarial." *Id.* at 800. The district court exercised jurisdiction over the case and granted summary judgment against the insurer on the issue of coverage. *Id.* at 798. The Ninth Circuit reversed and concluded that the district court abused its discretion by asserting jurisdiction over the case because it involved similar factual questions as the underlying state case and the insurer could have filed the action in state court. *Id.* 800-01. The court found "no facts or circumstances which would make the exercise of federal court jurisdiction appropriate." *Id.* at 799.

The court in *Aero Jet* reached a similar conclusion. There, the insured was sued in state court by a third party for breach of contract and fraud arising out of the insured's faulty maintenance of an aircraft. *Aero Jet*, 2011 WL 4708857, at *1. The insurer denied coverage and filed suit in federal court seeking a declaration that it had no duty to defend or indemnify the insured. *Id.* The court dismissed the case. *Id.* at *5. It noted that "the question before the Court in this case is not whether it *could* adjudicate the state law insurance coverage issue, but whether such adjudication would be 'needless' because that issue could be adjudicated in the pending state court proceeding." *Id.* at *3. The factual record relating to "the timing and nature of the alleged damage to the Aircraft and whether such damage constitutes an 'occurrence' or an intentional act," issues essential to the declaratory judgment claim, was pending before the state court. *Id.* at *4. Although the court found the insurer was not forum shopping, the court found exercising jurisdiction over the declaratory claim may result in duplicative litigation. *Id.* at *5.

Like *Karussos* and *Aero Jet*, the duty to avoid needless determination of state law issues weighs heavily in favor of abstention in this case. Riverport does not dispute that its declaratory action involves solely state law issues. This action could have been filed in the Arizona state courts, which are more apt to adjudicate issues involving Arizona

- 6 -

insurance law. Exercising jurisdiction in this case would frustrate Congress's intent that insurance law disputes be left to the states. As *Aero Jet* noted, the issue here is not whether the Court *could* exercise jurisdiction over this case, but whether it *should*, given the pending state action. Riverport provides no reason or special circumstance that would make exercising jurisdiction in this case appropriate, and Ninth Circuit precedent "generally counsel[s] against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions and are brought during the pendency of a related state court proceeding." *Karussos*, 65 F.3d at 801. Therefore, the Court's duty to avoid needless determination of state law issues largely weighs in favor of declining jurisdiction.

With respect to the second *Brillhart* factor, Horizon argues Riverport is forum shopping. But nothing prohibits an insurer from filing a declaratory action in federal court, and Riverport is not seeking to undermine any final state court ruling. *See Aero Jet*, 2011 WL 4708857, at *4. This factor is a wash.

Last, the Court must avoid duplicative litigation. Like *Aero Jet* and *Karussos*, this action and the *Eiden* action arose from the attack and may turn on similar factual issues, which could create conflicting decisions and frustrate the state court's adjudication of the *Eiden* action. In addition, exercising jurisdiction over this case while the state action is pending may duplicate discovery efforts and waste resources. The mere possibility of duplicative litigation, however remote, weighs in favor of abstention.[5]

Riverport argues that forcing it to re-file in state court will waste judicial resources. But this case is still in the early stages of litigation. Moreover, the fact that the parties will have to start over in state court does not outweigh the Court's duty to avoid needlessly adjudicating state law issues and avoid duplicative or conflicting rulings.

Riverport also argues that it would be "fundamentally unfair" to have to defend

---

[5] Even if duplicative litigation would not result, as Riverport argues, this does not eliminate the Court's duty to avoid needless determination of state law issues.

- 7 -

Horizon in the underlying suit without a coverage determination. (Doc. 33 at 13.) But under the policy, Riverport has a broad contractual duty to defend Horizon, *see Quihuis v. State Farm Mut. Auto. Ins. Co.*, 334 P.3d 719, 727 (Ariz. 2014) ("It is well settled that a liability insurer's duty to defend is separate from, and broader than, the duty to indemnify."), and it did so under a reservation of rights, "including the right to seek reimbursement of the attorney's fees and costs expended to defend Horizon since there is no coverage," (*Id.*, ¶ 49). Riverport cannot complain that injustice results from its decision to defend its insured in the underlying action.

### III. Conclusion

Accordingly, on balance, the *Brillhart* factors weigh against the Court's exercise of jurisdiction over this matter, and the case is dismissed. Riverport's motion to strike is denied as moot, and Horizon's motion to expedite is denied as moot.

**IT IS ORDERED** that

1. Riverport's motion to strike, (Doc. 18), is **DENIED**.
2. Horizon's motion to stay/dismiss, (Doc. 22), is **GRANTED**.
3. Horizon's motion to expedite, (Doc. 46), is **DENIED**.
4. The Clerk is directed to terminate this action.

Dated this 20th day of November, 2015.

Douglas L. Rayes
United States District Judge